# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1045

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　　*　District of Nebraska.
Angelia M. Orth,　　　　　　　　 *
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　 *

_____

Submitted: July 22, 2004
　　　　Filed: July 12, 2005 (corrected 7/14/05)

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

　　　Angelia Orth pled guilty to conspiracy to possess with intent to distribute 500 or more grams of methamphetamine. Before sentencing, Orth moved for a downward departure from the otherwise applicable sentencing guideline range pursuant to USSG § 5K2.0, arguing that her case fell outside the heartland of methamphetamine cases because she had voluntarily withdrawn from the conspiracy and stopped using drugs

prior to her conviction. The district court[1] denied Orth's motion, adopted the recommendations of the PSR, and sentenced Orth to 70 months' imprisonment.

In a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Orth's counsel has moved to withdraw and argued that the district court erred in denying Orth's motion for a downward departure. Although the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), rendered the guidelines effectively advisory, the district courts must still determine an advisory guideline sentence, and this determination includes whether a defendant is entitled to a downward departure. *See United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005). "When a district court considers a motion for downward departure and rejects it, that decision is not reviewable." *United States v. Turechek*, 138 F.3d 1226, 1228 (8th Cir. 1998). The district court here considered Orth's motion for a downward departure, and acknowledged that it had the discretion to depart. Therefore, the decision not to depart from the guidelines is unreviewable.

We have also considered the record in light of *Booker*. Orth did not object to the district court's application of mandatory guidelines or to the court's consideration of facts neither admitted by the defendant nor proved to a jury beyond a reasonable doubt. We thus review her sentence for plain error, *United States v. Pirani*, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc), and we have found nothing in the record to indicate a "reasonable probability" that Orth would have received a more favorable sentence if the district court had sentenced her under the advisory regime announced in *Booker*.

Although Orth was sentenced at the low end of the guidelines range, that is not sufficient to demonstrate plain error warranting relief. *Pirani*, 406 F.3d at 553. In

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

denying Orth's motion to depart downward based on her withdrawal from the conspiracy, the court observed that such a withdrawal was "not terribly unusual," that the "harm has been done," and that the harm caused by Orth's offense, which involved 1.47 kilograms of methamphetamine, was "very great." (S. Tr. at 6). Orth did benefit already from the safety-valve provisions of 18 U.S.C. § 3553(f) and USSG § 5C1.2, which permitted the court to sentence her below the otherwise applicable mandatory minimum sentence of 120 months. "'[W]here the effect of the error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met [her] burden of showing a reasonable probability that the result would have been different but for the error.'" *Pirani*, 406 F.3d at 553 (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005)).

Upon our independent review under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues. We therefore affirm and grant counsel's motion to withdraw on the condition that counsel complies with Part V of our court's Amended Criminal Justice Act Plan.

_____